**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided September 15, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-1382

| | |
|---|---|
| DONYALL WHITE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:15-cv-01347-TWP-DKL |
| VICKI POORE, | |
| *Defendant-Appellee*. | Tanya Walton Pratt, *Judge.* |

## O R D E R

Donyall White, a prisoner in Indiana, challenges the dismissal of his lawsuit under 42 U.S.C. § 1983 claiming that Vicki Poore was deliberately indifferent to the constant pain in White's feet, ankles, legs, hips, back, and neck. White argues that the

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

district court erred in dismissing his lawsuit solely on the basis of claim preclusion. We agree with White and remand for further proceedings.

The district court dismissed this action on the pleadings, *see* FED. R. CIV. P. 12(c), and thus for purposes of this appeal we accept as true the facts alleged in White's complaint. *See St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). White has suffered from degenerative arthritis and joint pain for many years. His pain increased significantly in September 2013 after he fell almost six feet from a top bunk. Three months later he sued Poore, three other healthcare workers, and a prison superintendent under § 1983, alleging that they had rebuffed his requests for medical treatment and reassignment to a bottom bunk. *See White-Bey v. Cockrell*, No. 1:13-cv-1932-LJM-DML, 2015 WL 1865900 (S.D. Ind. Apr. 22, 2015). Poore, a registered nurse, is employed as the prison's healthcare administrator by Corizon Health, which contracts with the Indiana Department of Correction. At screening in that earlier lawsuit, the district court had dismissed White's claim against Poore with prejudice, reasoning that White had not alleged that she was personally involved in any constitutional violations. The court permitted White to proceed against two other defendants but then in April 2015 dismissed the claims against them without prejudice for lack of administrative exhaustion. *See* 42 U.S.C. § 1997e(a). White did not appeal from the final judgment in that case.

White brought this action in state court in July 2015. He alleged that ever since his fall Poore has continued ignoring his requests for medical treatment. On one occasion in September 2014, White explained, he received a steroid injection in his lower back to relieve pain, but that single injection has not provided him any lasting relief. Poore removed the case to federal court and moved for judgment on the pleadings. She contended only that, because in his earlier lawsuit White had accused her of denying him medical care and a bottom bunk, he is precluded from pursuing this second lawsuit.

White responded by moving for summary judgment. He submitted numerous grievances dated from October 2013 (shortly after his fall) though June 2015 (shortly before he filed this lawsuit) documenting his repeated requests for medication and orthopedic shoes to alleviate joint pain and numbness. He also submitted Poore's written responses to his grievances. In one, dated September 24, 2014, Poore wrote that, because the recent injection had provided White with only two days of pain relief, he "would not be considered as a candidate for another one for some time." Instead,

Poore advised White, who is indigent, to "keep something on hand from commissary" for his pain and to lose weight.

The district court granted Poore's motion for judgment on the pleadings and denied White's motion for summary judgment. The court took judicial notice of the earlier suit against Poore and reasoned that "a single core of operative facts formed the basis of" that action and the present one. In both lawsuits, the court observed, White alleged that

> (1) he fell from a top bunk and suffered various injuries; (2) he did not receive adequate medical care following the fall; (3) he wrote grievances to Poore requesting medical treatment; (4) Poore failed to ensure that he received medical treatment for his injuries; and (5) Poore did not ensure that he received a bottom bunk.

White is precluded from relitigating those allegations, the court asserted, and thus the previous judgment in Poore's favor is preclusive.

On appeal White insists that this action is not barred by the doctrine of claim preclusion. That doctrine prevents relitigation of claims that were—or could have been—decided in an earlier proceeding, and it applies when (1) the first suit resulted in a final decision on the merits, (2) both suits arise from the same transaction, and (3) the parties are the same. *See Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016); *Cannon v. Burge*, 752 F.3d 1079, 1101 (7th Cir. 2014); *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011). We review de novo a dismissal on the ground of claim preclusion. *See Rose v. Bd. of Election Comm'rs for City of Chicago*, 815 F.3d 372, 374 (7th Cir. 2016); *Harmon v. Gordon*, 712 F.3d 1044, 1054 (7th Cir. 2013).

White argues that the district court should not have given preclusive effect to his earlier lawsuit because, he says, that suit was dismissed without prejudice. That's not correct as to Poore; the claims against other defendants were dismissed without prejudice for lack of exhaustion, but White's claim against Poore was dismissed with prejudice. A dismissal for failure to state a claim is a dismissal on the merits. *See Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009).

White finds traction, however, with his argument that the lawsuits do not involve the same claim because, he contends, most of Poore's disregard for his medical

condition occurred *after* he filed the first lawsuit. We agree because claim preclusion does not apply to claims that arise after a prior lawsuit was filed. *See Hellerstedt*, 136 S. Ct. at 2305. White alleged during the prior lawsuit that Poore had denied him medical care between September 2013 (when he fell) and December 2013 (when he filed that suit); now he alleges that Poore continued to deny him medical care for more than a year after he filed his first lawsuit, even advising him to buy his own pain medication from the commissary. These new allegations were not, and could not have been, part of the earlier lawsuit, which dealt only with events that occurred within the first three months after his fall. *See Heard,* 809 F.3d at 979 ("[E]very day that the defendants improperly refused to treat [plaintiff's] condition potentially constituted a new act of deliberate indifference."); *Greeno v. Daley*, 414 F.3d 645, 654–55 (7th Cir. 2005) (concluding that jury could find that health-services director was deliberately indifferent to inmate's need for medical care because director knew that inmate's doctors were prescribing medication that inmate said was not relieving his symptoms).

We express no opinion about the merits of White's new suit. But it was not precluded by the prior suit, and thus we VACATE the district court's judgment and REMAND for further proceedings.